# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**INTERNATIONAL UNION OF**
**PAINTERS AND ALLIED TRADES**
**DISTRICT COUNCIL NO. 6**
**8257 Dow Circle**
**Strongsville, Ohio 44136**
*An Appointing Fiduciary of the Southern*
*Ohio Painters Health and Welfare Plan*
*and Trust (the "Fund")*

**and**

**JIM SHERWOOD**
**8257 Dow Circle**
**Strongsville, Ohio 44136**
*Union Trustee of the Fund*

**and**

**LEE DENNEY**
**8257 Dow Circle**
**Strongsville, Ohio 44136**
*Union Trustee of Fund*

**and**

**CHRIS NAEGELE**
**8257 Dow Circle**
**Strongsville, Ohio 44136**
*Union Trustee of the Fund*

**and**

**EVERETT CHILSON**
**2562 Hess Road**
**Mount Orab, Ohio 45154**
*Participant in the Fund*

           **Plaintiffs,**

**CASE NO.:**


**Judge:**
**Magistrate Judge:**


**VERIFIED COMPLAINT**


**PAOFF, ROBINSON & WIDMAN LLC**

**Diana Robinson (0086642)**
**Kera Paoff (0082674)**
**405 Madison Ave., Suite 1100**
**Toledo, Ohio 43604**
**Phone: (419) 243-9005**
**Fax: (419) 243-9404**
**E-mail: Diana@prwattorneys.com**
        Kera@prwattorneys.com

vs.

**WARREN T. SMITH**
**7420 S. Kessler-Frederick Rd.**
**West Milton, Ohio 45383**
*Union Trustee and Assistant Administrator*
*of the Fund*

**and**

**DANA CLARK**
**2866 Red Oak Rd.**
**Kettering, Ohio 45432**
*Union Trustee of the Fund*

**and**

**JEREMY TURI**
**3840 Fisher Road**
**Columbus, Ohio 43228**
*Employer Trustee of the Fund*

**and**

**JOE CONLEY**
**4321 Webster**
**Dayton, Ohio 45414**
*Employer Trustee of the Fund*

**and**

**JAMES ECK**
**1099 Stimmel Road**
**Columbus, Ohio 43223**
*Employer Trustee of the Fund*

**and**

**CHAD HUDELPOHL**
**2203 Fowler Street**
**Cincinnati, Ohio 4520**

2

***Employer Trustee of the Fund***

**and**

**KYLE YOUNG**
**691 Greencrest**
**Waterville, Ohio 43081**
***Employer Trustee of the Fund***

**and**

**JEFF QVICK**
**270 Vermont Avenue**
**Dayton, Ohio 45404**
***Employer Trustee of the Fund***

**Defendants.**

Plaintiffs, International Union of Painters and Allied Trades District Council No 6 (the "Union"), Jim Sherwood ("Sherwood"), Lee Denney ("Denney"), and Chris Naegele ("Naegele") (Sherwood, Denney, and Naegele shall hereinafter be referred to collectively as the "properly appointed Union Trustees"), and Everett Chilson ("Chilson") allege and aver as follows against Defendants Warren T. Smith ("Smith"), Dana Clark ("Clark") (Smith and Clark will be referred to together as the "improperly entrenched Union Trustees"), Jeremy Turi ("Turi"), Joe Conley ("Conley"), James Eck ("Eck"), Chad Hudepohl ("Hudepohl"), Kyle Young ("Young"), and Jeff Qvick ("Qvick") (Turi, Conley, Eck, Hudepohl, Young, and Qvick will be collectively referred to as the "Employer Trustees").

3

## **INTRODUCTION**

Plaintiffs bring this action under the Employee Retirement Income Security Act of 1974 (ERISA) and the Labor Management Relations Act (LMRA) against certain Trustees of the Southern Ohio Painters Health and Welfare Plan and Trust (the "Fund") for breaching their fiduciary duties to the Fund and its participants and beneficiaries. Defendant Trustees have unduly entrenched themselves as trustees, have inappropriately expended Fund assets, have committed prohibited transactions, and have condoned and/or facilitated the personal gain of certain Trustees in violation of both ERISA and the LMRA.

The Fund is a Taft-Hartley Plan, which means it is a collectively bargained for multiemployer plan that is jointly administered and governed by a board of trustees with labor and management equally represented. Under the Taft-Hartley Act, labor trustees are to be appointed by the labor organization that is party to the collective bargaining agreement(s) that require contributions to the plan. Management trustees are to be appointed by the employer association or employers party the collective bargaining agreement(s) that require contributions to the plan.

Labor organizations can only act pursuant to the powers given to them by member ratification of their constitutions and bylaws. The trust agreement for a Taft-Hartley plan cannot take away a labor organization's appointing authority. In fact, provisions in a trust agreement that make it difficult for a labor organization to quickly appoint and remove trustees cut against the intent of the Taft-Hartley Act. As a result, such provisions are unlawful as they unduly entrench sitting trustees, ameliorating the appointing authority's control over their own trustees. Here, several provisions in the Fund's Trust Agreement are overly entrenching and unlawful. Relying on these unlawful provisions, Defendants Smith and Clark have refused to follow the directives of

their appointing authority in order to keep their trustee positions so they can continue to use those positions for personal gain, and the Defendant management trustees have facilitated and condoned the entrenchment and unlawful behavior of Defendants Smith and Clark.

The Taft-Hartley Act requires assets of multiemployer plans to be held in trust rather than by the employers, the union, or any one individual and requires that they be used solely for the benefit of the participants and beneficiaries of the Fund rather than for the benefit of employers, the union, or individual trustees. The whole purpose of a multiemployer health and welfare plan is to provide health care benefits to collectively bargained employees. All acts taken and decisions made by trustees must be with the intent to advance that purpose. If a trustee acts to benefit his own personal self-interest, the interest of the union, or the interest of his company, he has violated his fiduciary duties. Here, Defendants Smith and Clark have repeatedly acted in their own self-interest by, including but not limited to: accepting compensation from the Fund, voting for Amendments to the Trust Agreement that provide themselves with a direct benefit, voting against their own removals, and voting against Plaintiff Union's appointment of new trustees.

To remedy these violations, certain provisions of the Trust Agreement must be declared void as a matter of law, Defendants Smith and Clark must be removed both as Trustees and as paid employees of the Fund, Plaintiff Union's appointments must be honored, and the Fund must be made whole for any and all inappropriate expenditures of Fund assets that resulted from prohibited transactions and self-dealing.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to Sections 409, 502(a)(2) and 502 (e)(1) of ERISA, 29 U.S.C. §§ 1109, 1132(a)(2), and 1132(e)(1), Sections 301(a) and (c) of the LMRA, and 28 U.S.C. § 2201.

2.     Venue is appropriate in this Court under Section 502(e)(2) of ERISA, as the Defendant trustees conduct business within the geographic jurisdiction of the Southern District of Ohio.

## PARTIES

3.     Plaintiffs incorporate paragraphs 1-2 as if fully rewritten herein.

4.     Plaintiff Union is an employee organization, as that term is defined in Section 3(4) of ERISA, 20 U.S.C. § 1002(4). Plaintiff Union is also a fiduciary, as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21), of the Southern Ohio Painters Health and Welfare Plan and Trust (the "Fund"), inasmuch as it is charged with appointing and monitoring the Union Trustees of the Fund. Plaintiff Union's address is 8257 Dow Circle, Strongsville, Ohio 44136.

5.     Plaintiff Sherwood is the Business Manager/Secretary-Treasurer of Plaintiff Union. By virtue of that position, he is a properly appointed Union Trustee of the Fund pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. 186(c)(5), and the Trust Agreement for the Fund. As such, he is a fiduciary of the Fund, as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.     Plaintiffs Denney and Naegele are the properly appointed Union Trustees of the Fund pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. 186(c)(5), and the Trust Agreement for the Fund. As such, they are fiduciaries of the

Fund, as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). Denney is a participant in the Fund receiving retiree benefits. Naegele is employed by the Union and is a current participant in the Fund.

7.     The Fund is a multiemployer welfare benefit plan, as defined in Sections 3(1) and 3(37) of ERISA, 29 U.S.C. §§ 1002(1), 1002(37), that provides health benefits to collectively bargained employees represented by Plaintiff Union.

8.     Plaintiff Everett Chilson is a participant in the Fund as defined in Section 3(7) of ERISA, 29 U.S.C. § 1002(7) who is eligible to receive benefits from the Fund.

9.     Defendant Smith is a Union Trustee of the Fund (although improperly entrenched) pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. 186(c)(5), and the Trust Agreement for the Fund. As such, he is a fiduciary of the Fund, as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). Smith is a participant in the Fund and receives retiree benefits. Smith is also a paid employee of the Fund, and in that capacity, serves as the Fund's Assistant Administrator.

10.     Defendant Clark is a Union Trustee of the Fund (although improperly entrenched) pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. 186(c)(5), and the Trust Agreement for the Fund. As such, he is a fiduciary of the Fund, as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). Clark is also a participant in the Fund and receives retiree benefits.

11.     Defendants Turi, Conley, Eck, Hudepohl, Young, and Qvick are Employer Trustees of the Fund pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. 186(c)(5), and the Trust Agreement for the Fund. As such, they are fiduciaries

of the Fund, as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

## STATEMENT OF FACTS

12.     Plaintiffs incorporate paragraphs 1-11 as if fully rewritten herein.

13.     Plaintiff Union has represented employees in the painting and allied trades in Southern Ohio for decades.

14.     Plaintiff Union is an affiliate of the International Union of Painters and Allied Trades (the "IUPAT") and is bound by the Constitution of the IUPAT (the "Constitution") as well as by its own bylaws.

15.     Plaintiff Union and participating employers, by and through trust agreements that they or their appointed trustees have amended from time to time, created and maintain the jointly administered Fund, pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. 186(c)(5), and ERISA.

16.     Section 141(a) of the Constitution provides in pertinent part that the "Business Manager/Secretary-Treasurer shall be an automatic trustee to any Trust Fund in which the members of the District Council participates and any Trust Fund in which the members of any affiliated Local Union participate; shall appoint (and have the power to remove) all Union Trustees to all Trust Funds of the District Council and all Trust Funds established by Local Unions fully affiliated with the District Council." The Constitution is attached as Exhibit A.

17.     Likewise, the Union's Bylaws provide nearly identical language: "The Business Manager/Secretary-Treasurer shall be an automatic trustee to any Trust Fund in which the members of the District Council participate, and to any Trust Fund in which the members of any affiliated Local Union participate, and shall appoint (and have the power to remove) all Union Trustees to all Trust Funds affiliated with the District Council or any Local Union affiliated with

the District Council." The Union's Bylaws are attached as Exhibit B.

18.    Prior to January 1, 2020, Article III, Section 1 of the Trust Agreement provides that there shall be a total of sixteen trustees, eight of whom shall be designated as Employer Trustees and eight of whom shall be designated as Union Trustees. Specifically, "[t]he eight Trustees who are designated as Union Trustees shall be designated pursuant to the Local Union by-laws from the Union whom they are selected from and shall be allocated among the various Unions as follows: Two (2) Trustees selected from Locals 123 and 238; two (2) Trustees selected from Local 249; two (2) Trustees selected from Locals 372, 438, 555, and 1275; one (1) Trustee selected from Glaziers and Glassworks Local 387; and one (1) Trustee at Large who shall be the Business Manager/Secretary Treasurer of the International Union of Painters and Allied Trades District Council 6. Should a vacancy occur among the Union Trustees, the Business Manager/Secretary-Treasurer of District Council 6, or his successor, shall nominate a replacement. Such nominee shall become a Trustee by unanimous vote of the remaining Union Trustees who are currently serving on the Board of Trustees." The Trust Agreement is attached as Exhibit C.

19.    On January 1, 2020, Article III, Section 1 of the Trust Agreement was amended to read as follows: "The eight (8) Trustees who are designated as Union Trustees shall be designated pursuant to the Local Union by-laws from the Union whom they are selected from and shall be allocated among the various Unions as follows: Two (2) Trustees selected from Locals 123 and 238; two (2) Trustees selected from Local 249; two (2) Trustees selected from Local 1275; one (1) Trustee selected from Glaziers and Glassworks Local 387; and one (1) Trustee at Large, who shall be the Business Manager/Secretary-Treasurer of the International Union of Painters and Allied Trades District Council 6. Should a vacancy occur among the Union Trustees, the Business

9

Manager/Secretary-Treasurer of District Council No. 6, or his successor, shall nominate a replacement. Such nominee shall become a Trustee by unanimous vote of the remaining Union Trustees." See Exhibit C.

20.     On January 4, 2021, Brian Stanley ("Stanley"), the Business Manager/Secretary-Treasurer of the IUPAT District Council 53, requested to be seated on the Fund as a Union Trustee to replace his predecessor, Dan Polling. Stanley's request was based on the provision in the IUPAT Constitution that provides the Business Manager/Secretary-Treasurer "shall be an automatic trustee to any Trust Fund in which the members of the District Council participates." In a phone call from Defendant Smith, Stanley was informed that the seat had otherwise been filled.

21.     At a Board of Trustees meeting held on or about January 28, 2021, Sherwood nominated Naegele to serve as a Union Trustee. The Labor Trustees unanimously approved the appointment. Sherwood then noted that the Trust Agreement provides for two Trustees from Local 249 but that currently only one Union Trustee was from that Local. Because of this, Sherwood nominated David Lay to serve as the other Local 249 Trustee. Smith responded that he and Clark were serving as the Union Trustees from Local 249, but that he (Smith) was on a leave of absence. Because Smith was also serving as a paid employee of the Fund as the Fund's Assistant Administrator, Sherwood requested a legal review and advice from legal counsel, Ledbetter Parisi LLC, as to whether an employee of the Fund could also serve as a trustee without engaging in a prohibited transaction.

22.     At the next scheduled Board of Trustees meeting on or about May 11, 2021, Katie Burch with the law firm of Potts-Dupre, Hawkins & Kramer was introduced as new legal counsel for the Fund. To the properly appointed Union Trustees' knowledge, the Trustees did not: vote to

remove the firm of Ledbetter Parisi LLC as legal counsel; delegate authority to Smith or anyone else at that time to remove Ledbetter Parisi LLC as legal counsel or to hire a replacement; distribute a request for proposal for legal services to potential candidates; vote on retaining Potts-Dupre, Hawkins & Kramer or on any resulting fee arrangement; or ratify the decision presumably made by Smith to terminate the Fund's relationship with Ledbetter Parisi LLC and to retain Potts-Dupre, Hawkins & Kramer.

23.     Sometime between the meeting on or about May 11, 2021 and the meeting on or about August 24, 2021, then Union Trustee Jason Parr was removed from the Roll Call for the Fund without explanation and he stopped receiving communications from the Fund from that point forward. The Trustees did not discuss or vote on Parr's removal or replacement in contravention of the Trust Agreement.

24.     On March 15, 2022, Smith recommended that a change be made to Article IV, Section 23 of the Trust Agreement to require unanimous consent of the Trustees to merge the Fund as opposed to the then current language which required approval by a three-fourths affirmative vote of all Trustees. The recommended change was voted upon and approved. See Exhibit C.

25.     On July 29, 2022, legal counsel for the Union requested documents from the Fund for information regarding any delegation of authority that was given to Smith as Administrator of the Fund to hire legal counsel, and regarding Smith's compensation as Administrator. The Fund pointed to meeting minutes from 2019 purportedly demonstrating a delegation of authority to hire legal counsel. However, more than a year had passed between the 2019 meeting minutes and Smith's unilateral decision to terminate Ledbetter Parisi LLC and to hire Potts-Dupree, Hawkins & Kramer. Compensation information was eventually provided to the Union regarding Smith's

position as Assistant Administrative Manager, revealing that the Fund pays him a salary of $1,700 per month for no more than 39.5 hours of work per month and that the Fund pays for all of his and his family's healthcare costs incurred as a participant in the Fund (premiums, copays, deductibles, etc.).

26.     On December 13, 2022, Smith recommended amending the Trust Agreement to change the removal language from a three-fourths affirmative vote of the Union Trustees present and voting to a three-fourths affirmative vote of all Trustees present and voting. The amendment was voted upon and approved. See Exhibit C.

27.     On December 14, 2022, pursuant to his authority under Section 141 of the Constitution as well as Section 5.2 of the Bylaws, Sherwood sent letters to Defendants Smith and Clark directing them to resign their positions as Union Trustees.

28.     In a letter dated December 19, 2022, Potts-Dupree, Hawkins & Kramer sent a letter to Sherwood in response to the letters sent on December 14, 2022 citing the newly amended Article III, Section 3 of the Trust Agreement and advising Sherwood as follows: "Should you have just cause to remove any Union Trustee, please provide so in writing. Your request for his removal will be presented at the next Trustees meeting in March 2023, and all Trustees present at the meeting shall have an opportunity to vote on the matter."

29.     On January 2, 2023, Sherwood filed internal charges against Smith and Clark alleging violations of the Constitution for their refusal to follow his direction and resign their positions as Union Trustees.

30.     On February 9, 2023, a trial was held in accordance with Sections 262-276 of the Constitution over the internal charges filed against Smith and Clark. The Trial Board sustained the

charges and ruled that Smith and Clark be immediately removed from the Fund, be barred from serving as a Trustee on or as an employee of any jointly trusteed fund now and in the future, and be prohibited from holding Union office now and in the future.

31.     On February 13, 2023, Smith recommended that the Board of Trustees take the following action via email ballot: "Participants who are retirees no longer need to maintain Union membership to receive coverage in the Welfare Plan." Trustees could vote either to approve or decline the action. The Management Trustees voted yes along with the two improperly entrenched Union Trustees who also voted yes. The three properly appointed Union Trustees voted no.

32.     On February 15, 2023, Sherwood filed additional internal union charges against Smith and Clark for their failure to comply with the February 9, 2023 Trial Board decision.

33.     On February 23, 2023, Potts-Dupree Hawkins & Kramer sent an invoice to the Fund for $7,902.90 for 32.8 hours of work spent on defending the internal union charges filed against Smith and Clark by Sherwood. The invoice was paid at the direction of Smith and Turi. The properly appointed Union Trustees were not involved in any discussion over the payment of this invoice or the decision to authorize payment.

34.     On March 17, 2023, Smith resigned his membership in the Union, but was able to continue to receive retiree benefits because of the February 13, 2023 Trust amendment.

35.     On March 21, 2023, Potts-Dupree Hawkins & Kramer sent a cover letter enclosing an invoice for "expenses related to the administrative proceedings of the union-appointed trustees" in the amount of $11,166.90. The invoice was paid at the direction of Smith and Turi. The properly appointed Union Trustees were not involved in any discussion over the payment of this invoice or in the decision to authorize payment.

36.     A Board of Trustees meeting was held on March 23, 2023. At that meeting, Turi made a motion that the Fund pay the legal expenses that were incurred in the defense of the internal charges against Clark and Smith (even though Fund assets had already been used to pay the invoices). Sherwood objected to authorizing such payment, arguing that Fund assets could not be used for an internal Union issue. The motion was seconded and voted upon. The properly appointed Union Trustees voted no, but the improperly entrenched Union Trustees (who would directly benefit from the action if passed) along with the Management Trustees voted yes and the motion passed.

37.     Also at the March 23, 2023 meeting, Smith asked for a motion to remove Naegele. Clark made the motion and it was voted upon. The properly appointed Union Trustees voted no, so it did not pass as removal requires three-fourths vote of all Trustees present and voting. Smith then asked for a motion to remove Sherwood as a Union Trustee, Clark made the motion, but the motion was not seconded, and no vote was taken.

38.     On March 30, 2023, Sherwood nominated Alfredo Campos to replace former Union Trustee Joe Cryster. An email ballot vote was held by secret ballot, but it did not pass as the Trust Agreement requires unanimous approval of the Union Trustees. While four of the Union Trustees voted in favor of the nomination, one Union Trustee abstained without explanation, and one Union Trustee voted no without explanation.

39.     On April 7, 2023, Clark resigned his membership in the Union, but was able to continue to receive retiree benefits because of the February 13, 2023 amendment to the Trust Agreement.

40.     On April 17, 2023, the Trial Board heard the charges filed against Smith and Clark

alleging violations of the Constitution for their failures to comply with the previous Trial Board decision among other things. The Trial Board found both Smith and Clark guilty of violating the Constitution and voted unanimously for the expulsion of Smith and Clark from the IUPAT. Smith and Clark were notified of the decision by letter dated April 24, 2023.

41.     On April 27, 2023, Potts-Dupree Hawkins & Kramer sent a cover letter enclosing an invoice for time spent on administrative proceedings of the union-appointed trustees for the month of March 2023 in the amount of $4,949.40. The Fund paid the invoice.

42.     On June 27, 2023, the Board of Trustees held its quarterly meeting. At that meeting, Sherwood asked for the removal of Smith and Clark for cause since they had been expelled from the IUPAT and had engaged in prohibited transactions and self-dealing. Because the recently amended Trust Agreement now required an affirmative vote of three-fourths of all Trustees to remove a Union Trustees, the motion failed even though the properly appointed Union Trustees all voted in favor of their removal. Smith and Clark did not recuse themselves from the vote and instead voted against their own removals. The Employer Trustees also voted no. Sherwood also nominated two individuals to serve as Union Trustees to fill vacant positions. Because the Trust Agreement requires a unanimous vote of the Union Trustees for a nominee to become a Trustee, the motion failed even though the properly appointed Union Trustees all voted in favor of each of the nominated Trustees. Smith and Clark voted no.

43.     Also, at the meeting on June 23, 2023, a motion was made for Clark to begin shadowing/receiving training from Smith for a six-month period with the intention of Clark taking over the duties and position of Assistant Administrative Manager at the end of that six-month period, except that Smith would continue performing the duties relating to requests for proposals.

Smith and Clark did not recuse themselves from the vote and voted in favor of the motion. The Employer Trustees also voted in favor of the motion. The properly appointed Union Trustees voted against the motion. The compensation arrangement between the Fund and Clark and Smith was not discussed or part of the motion, but it was understood by the properly appointed Union Trustees that Clark and Smith would be compensated.

44.     On June 29, 2023, Sherwood requested an election of officers be conducted via email ballot in accordance with the Trust Agreement which provides that the term of office for the Chairman and Secretary/Treasurer shall be one-year commencing July 1 of each year. On the same day, the third-party administrator for the Fund emailed the Trustees asking whether they wanted to vote on the election of officers via email ballot or whether they wanted to table the election of officers until the next in-person meeting, which was scheduled for September 2023. A vote has not been held as of the date of the filing of this Complaint.

**COUNT I**

**Defendants' Failure to Honor and Give Effect
to the Union's Appointments and Removals of Trustees
Constitutes Unlawful Entrenchment
in Violation of ERISA**

45.     Plaintiffs incorporate by reference paragraphs 1-42 above as though fully set forth herein.

46.     On or about December 13, 2022, Defendants amended Article III, Section 3 of the Trust Agreement to change the removal language from a three-fourths affirmative vote of the Union Trustees present and voting to a three-fourths affirmative vote of all Trustees present and voting. Article III, Section 3 also requires that removal of any Trustee be "for just cause." Minimal investigation into the "for just cause" language and into the "three-quarter (3/4) affirmative vote

16

of all Trustees present and voting" language would have shown that such language constitutes structural entrenchment and violates ERISA's requirement that arrangements with fiduciaries be reasonably terminable on short notice.

47.     Regarding appointments, Article III, Section 2 of the Trust Agreement provides that the Business Manager/Secretary-Treasurer's "nominee shall become a Trustee by unanimous vote of the remaining Union Trustees who are currently serving on the Board of Trustees." Minimal investigation into the "unanimous vote" language would have shown that such language constitutes structural entrenchment and violates ERISA.

48.     In refusing to step down as Trustees and blocking the proper appointment of new Trustees using the language in Article III, Section 3 as the grounds for their intransigence, Defendants Smith and Clark have violated ERISA Section 404(a)(1)(B), 29 U.S.C. 1104(a)(1)(B) in failing to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

49.     In amending Article III, Section 3, and in failing to vote for the removal of Defendants Smith and Clark and Defendant Employer Trustees have violated ERISA Section 404(a)(1)(B), 29 U.S.C. 1104(a)(1)(B).

## COUNT II

### For a Declaratory Judgment that Certain Language in Article III, Section 2 and in Article III, Section 3 are Invalid under ERISA

50.     Plaintiffs incorporate paragraphs 1-47 as is fully rewritten herein.

51.     Defendants rely on the language in Article III, Sections 1, 2, and 3 of the Trust

Agreement to justify their actions, including the "trustees shall serve until death, being incapable of acting, resignation, or removal" language in Article III Section 1, the "unanimous vote of the remaining Union Trustees" language in Article III, Section 2, and the "for just cause" and "three-quarter (3/4) affirmative vote of all Trustees present and voting" language in Article III, Section 3. Defendants' reliance on such provisions are in violation of ERISA 29 U.S.C. 1104(a)(1)(A)'s requirement that a fiduciary discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries of the fund, as it operates to entrench sitting Trustees and prevent oversight and appointment and removal power of the Union necessary to discharge its monitoring duties as a fiduciary of the fund.

52. These provisions make it exceedingly difficult for Plaintiff Union to exercise oversight over sitting Trustees, to remove Trustees, and to appoint new Trustees.

## COUNT III

**Defendants used Plan Assets to
Pay Personal Legal Expenses
Incurred by Smith and Clark**

53. Plaintiffs incorporate paragraphs 1-50 as is fully rewritten herein.

54. Potts-Dupree Hawkins & Kramer billed the Fund a total of $24,019.20 in legal expenses in defending Smith and Clark against charges filed against them in their individual capacity as members of the Union. The Fund paid the invoices at the direction of Smith and Turi. Notably, the Fund did not offer to provide legal defense of the internal Union charges filed against Plaintiff Sherwood and the Fund did not offer to pay for the legal expenses incurred by Plaintiff Sherwood in defending the charges.

55. At the Board of Trustees meeting on March 23, 2023, Turi made a motion that the

18

Fund pay the legal expenses that were incurred in the defense of the internal charges against Clark and Smith (even though Fund assets had already been used to pay the invoices). Smith, Clark, and the Employer Trustees voted in the affirmative and the motion passed.

56.     Section 404(a)(1) of ERISA requires plan fiduciaries to discharge their duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan.

57.     In authorizing the use of plan assets to pay for Smith and Clark's personal legal expenses, Defendants violated Section 404(a)(1) of ERISA as these payments were for the benefit of Smith and Clark personally and not in the interest of participants and beneficiaries. Payment of personal legal expenses do not constitute a reasonable expense of administering the plan.

### COUNT IV

**Defendant Smith and Defendant Clark
have engaged in Self-Dealing
in Violation of ERISA**

58.     Plaintiffs incorporate paragraphs 1-55 as is fully rewritten herein.

59.     Fiduciaries of ERISA plans have a duty to avoid conflicts of interest and self-dealing.

60.     ERISA 406(b), 29 U.S.C. 1106(b) provides that a plan fiduciary shall not "(1) deal with the assets of the plan in his own interest or for his own account," or "(2) in his individual or in any other capacity act in a transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants and beneficiaries."

19

61.     It is an inherent conflict of interest for Defendant Smith to serve as both a Trustee and a paid employee of the Fund. Since at least May 11, 2021, Smith has been acting as a voting Union Trustee, while at the same time receiving compensation as the Assistant Administrative Manager for the Fund.

62.     This conflict of interest led Smith to engage in self-dealing, including but not limited to the following: (a) terminating the law firm of Ledbetter Parisi LLC and hiring Potts-Dupree, Hawkins & Kramer; (b) requesting a motion to amend the removal language in the Trust Agreement; (c) voting in favor of a motion removing the requirement that retirees be union members in order to participate in the Fund; (d) voting against all nominations of new Union Trustees; (e) voting against his removal as a Trustee; (f) voting against Clark's removal as a Trustee; (g) voting in favor of the motion to authorize Clark to shadow/receive training from Smith; and (h) authorizing the use of Fund assets to pay his personal legal expenses.

63.     In taking the above-stated actions, Smith has engaged in self-dealing for his own benefit rather than for the sole benefit of participants and beneficiaries with the intention of entrenching himself as a Union Trustee and enabling himself to continue to receive compensation from the Fund as an employee in direct contravention of ERISA 406(b), 29 U.S.C. 1106(b).

64.     Defendant Clark has engaged in self-dealing including but not limited to the following actions: (a) voting in favor of a motion to amend the removal language in the Trust Agreement; (b) voting in favor of a motion removing the requirement that retirees be Union members in order to participate in the Fund; (c) voting against all nominations of new Union Trustees; (d) voting against his removal as a Trustee; (e) voting against Smith's removal as a Trustee; (f) voting in favor of the motion to authorize him to shadow/receive training from Smith

and to presumably to receive compensation from the Fund; and (g) authorizing the use of Fund assets to pay his personal legal expenses.

65. In taking the above-stated actions, Clark has engaged in self-dealing for his own benefit rather than for the sole benefit of participants and beneficiaries with the intention of entrenching himself as a Union Trustee and enabling himself to receive compensation from the Fund as an employee in direct contravention of ERISA 406(b), 29 U.S.C. 1106(b).

**WHEREFORE**, Plaintiffs ask this Court to Order the following relief:

A. A preliminary injunction removing Defendants Smith and Clark as Trustees and fiduciaries of the Funds, terminating Defendant Smith and Defendant Clark's employment with the Fund, prohibiting the expenditure of Fund assets to pay for Trustees' personal legal expenses, prohibiting Trustees from serving as paid employees of the Fund, prohibiting Defendants from interfering with the Union's lawful authority to appoint and remove Trustees, and prohibiting Defendant Trustees from interfering with Plaintiff's ability to exercise their duties with regard to the Fund.

B. On Count I, that the Court find Defendants in violation of the above-cited provisions of ERISA, remove Defendants Smith and Clark as Trustees and fiduciaries of the Funds, award Plaintiffs reasonable attorney fees and costs, and order such further equitable relief as the Court may deem appropriate to enforce the provisions of ERISA;

C. On Count II, that the Court find Defendants in violation of the above-cited provisions of ERISA, issue a declaratory judgment pursuant to 28 U.S.C. 2201 that the Trust Agreement's "shall serve until death, being incapable of acting, resignation, or removal" language in Article III, Section 1, the "unanimous vote of the remaining

Union Trustees" language in Article III, Section 2, and the "for just cause" and "three-quarter (3/4) affirmative vote of all Trustees present and voting" language in Article III, Section 3 are in violation of ERISA and therefore null and void;

    D.  On Count III, that the Court find Defendants in violation of the above-cited provisions of ERISA, and order that the Defendants reimburse the Fund for the inappropriate expenditure of Fund assets to pay Trustees' personal legal expenses;

    E.  On Count IV, that the Court find Defendants Smith and Clark in violation of the above-cited provisions of ERISA and order that Defendants Smith and Clark reimburse the Fund for any losses incurred as a result of their self-dealing;

    F.  That the Court grant any other relief, including costs, equitable relief, and attorneys' fees, that the Court deems just under ERISA, 29 U.S.C. 1132(A)(3) and 1132(g)(1).

                              Respectfully submitted,

                              */s/ Diana Robinson*
                              Diana Robinson (0086642)
                              Paoff, Robinson, & Widman LLC
                              405 Madison Ave., Suite 1100
                              Toledo, Ohio 43604
                              Ph.: (419) 243-9005
                              Fax: (419) 243-9404
                              Diana@prwattorneys.com

                              Attorney for Plaintiffs

## **VERIFICATION**

I, Jim Sherwood, have read the Verified Complaint and swear that the facts are true to the best of my knowledge.

STATE OF OHIO )
)
COUNTY OF CUYAHOGA )

Sworn to and subscribed before me this __8__ day of August 2023 by Jim Sherwood.

TIFFNEE DANCZAK
Notary Public
State of Ohio
My Comm. Expires
April 20, 2026

Notary Public

23